```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

FRANK JAMES ABSTON,                :

    Petitioner,                    :
                                      CIVIL ACTION 14-0505-CG-M
v.                                 :
                                 CRIMINAL ACTION 11-00238-CG-M
UNITED STATES OF AMERICA,          :

    Respondent.                    :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 178). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 178) be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*. Finally, it is recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Frank James Abston.

1

Abston was indicted on August 25, 2011 for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841 (Doc. 4).  On November 9, 2011, Abston signed a Plea Agreement in which he pled guilty to the conspiracy charge (Doc. 61); on November 21, he pled his guilt before United States District Judge Granade (Doc. 73).  On July 10, 2012, the Judge sentenced Petitioner to life in prison on the conviction, as well as ten years of supervised release following his release from prison, and assessed him one hundred dollars (*see* Doc. 153).

Abston appealed his conviction (Doc. 157) that was affirmed, on September 16, 2013, by the Eleventh Circuit Court of Appeals in a written opinion (Doc. 176).[1]  That judgment was entered as mandate on December 20, 2013 (*see* Doc. 177).[2]

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 27, 2014 in which he raised the following claims:  (1) His guilty plea was unknowingly and involuntarily entered into because of the ineffective assistance of his attorney; (2) the Court improperly enhanced his sentence by relying on a prior conviction; (3) his

---

[1] This opinion can also be found at *U.S. v. Abston*, 536 Fed.Appx. 905 (11th Cir. 2013).
[2] Abston states that he sought *certiorari* from the U.S. Supreme Court that was denied (Doc. 178, p. 20), but no support for that assertion has been found; it is of no moment here either way.

sentence is unconstitutional; and (4) he had ineffective assistance of counsel at sentencing (Doc. 178). Respondent filed a response on January 5, 2015 (Doc. 184). With leave of the Court, Abston amended his Motion to Vacate (Docs. 190, 192).[3] The Government filed an Objection to Amendment Response (Doc. 193) to which Petitioner replied (Doc. 194).

Abston first claims that he pled guilty unknowingly and involuntarily because of the ineffective assistance of his attorney in (a) promising him that his sentence would be only four years (b) if Abston provided certain funds with which the Attorney could bribe the prosecutor and judge, as was common practice, (c) in spite of the fact that Petitioner was subject to a mandatory minimum sentence of life imprisonment if found guilty (Doc. 178, pp. 24-34).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by

---

[3]The Court found no new claims, but did find more assertions regarding Abston's previously-raised claims.

> the sixth amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.  The Supreme Court, in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), held "that the two-part *Strickland v. Washington* test applie[d] to challenges to guilty pleas based on ineffective assistance of counsel."  The *Hill* Court further noted that for a petitioner "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 at 59.

The Court notes that the Eleventh Circuit Court of Appeals, on Abston's appeal, held as follows:

> Abston has failed to show that his plea was not knowing and voluntary.  Abston said, under oath, that he had read and discussed the plea agreement with his attorney and that he understood the terms of the agreement.  He also averred that he did not have any other agreements with the government and that nobody had made any other promises or assurances to him to

4

> induce him to plead guilty. Abston further understood that the mandatory statutory sentence was life imprisonment. Abston failed to meet his "heavy burden" of showing that his statements at the plea hearing were false.

(Doc. 176, p. 5).

Petitioner's claim that his attorney rendered ineffective assistance in allowing him to enter into an involuntary and unknowing Agreement is based on a false premise that his plea was unknowing and involuntary. The Eleventh Circuit Court of Appeals held otherwise, so there can be no ineffective assistance. This claim lacks merit.

Abston next claims that the Court improperly enhanced his sentence by relying on prior convictions (Doc. 178, pp. 31-40). Petitioner asserts that the Prosecutor filed an Information pursuant to 21 U.S.C. § 851 alleging his two prior convictions, triggering his life sentence, without appropriately notifying either him or his Attorney (Doc. 178, pp. 24-25).

Court records show that the Prosecutor filed an Information alleging that Abston had three prior felony drug convictions (Doc. 67). It was filed on November 21, 2011, the day Petitioner pled his guilt in open court (Doc. 73).

Abston previously raised this claim on appeal, giving our Appellate Court the opportunity to find the following:

5

> In this case, consistent with the record and course of the plea hearing, the government timely filed and served its § 851(a)(1) information. According to the Notice of Electronic Filing generated by the CM/ECF system, the government filed the information at 8:57 a.m. on November 21, 2011. The information was electronically mailed at the same time to Abston's attorney. Abston did not enter his guilty plea until after 10:00 a.m. on the same day. Therefore, the government strictly complied with § 851(a)(1)'s requirements, and the district court had jurisdiction to sentence Abston to life imprisonment.

(Doc. 176, p. 8). This Court has no reason to question the Court of Appeals' holding and shall not further discuss this claim.

Abston next claims that his sentence is unconstitutional because the Supreme Court, in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151, 2163 (2013), held that "facts that increase mandatory minimum sentences must be submitted to the jury." Petitioner's argument is that because he pled guilty and there was no jury to hear the fact of his prior convictions, the sentence cannot stand.

The Eleventh Circuit Court of Appeals, however, in *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014), held that a district court judge did not commit error in sentencing a defendant to a mandatory life sentence "without any jury

6

findings about the existence of Harris' prior convictions." The Court finds it of no moment that the *Harris* and *Alleyne* defendants were sentenced to life under the Hobbs Act, for using or carrying a firearm to commit a crime of violence, while Abston was sentenced to life as a two-time drug felon as Judge Granade had no choice, under 21 U.S.C. § 841(b)(1)(A), but to sentence Petitioner to a life sentence. This claim lacks merit.

Abston next claims that he had ineffective assistance of counsel at sentencing. More specifically, he argues that his attorney was ineffective in not seeking Judge Granade's recusal for having been the target of his attempted bribe (Doc. 178, p. 48). The Court notes that, to be successful in his claim, Petitioner must show both the deficiency of his attorney's performance and that it actually prejudiced him. *Strickland*, 466 U.S. 687.

The Eleventh Circuit Court of Appeals, in the opinion affirming Petitioner's conviction, noted that even had Judge Granade recused herself, a different sentencing judge would have had no choice but to sentence him to life in prison (Doc. 176, p. 6). As such, nothing Abston's Attorney could have done would have changed his sentence, so no prejudice has been shown. Petitioner's ineffective assistance claim lacks merit.

Abston has raised four claims in this petition. All are

without merit.  Therefore, it is recommended that the petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As the Court found that he failed to assert sufficient facts to support a claim of constitutional error, "[P]etitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  It is suggested that Abston will not be able to make that showing.

CONCLUSION

It is recommended that Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 be denied (Doc. 178) and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Frank James Abston.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates

by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 2nd day of April, 2015.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE