IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | CRIMINAL NO. 11-00238-001-CG |
| ) | |
| FRANK JAMES ABSTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant, Frank James Abston's ("Abston") Motion to Re-Open § 2255 Proceedings Under the Federal Rules of Civil Procedure. (Doc. 220). For the reasons set forth herein below, the motion is due to be denied.

## BACKGROUND

On November 21, 2011, Petitioner pled guilty to—and was convicted of—conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. (Doc. 153). On July 11, 2012, Abston was sentenced to life imprisonment on the conviction as well as ten years of supervised release following his release from prison, and an assessment of one hundred dollars. (*Id*). On September 16, 2013, the Eleventh Circuit Court of Appeals affirmed Abston's conviction. (Doc. 176).

On October 30, 2014, Abston filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting that (1) his plea was not entered knowingly and voluntarily due to ineffective assistance of counsel, (2) his 5th and 6th Amendment Rights were violated by the court's enhancement of his sentence

based on his prior conviction, (3) his sentence was unconstitutional, and (4) he had ineffective assistance of counsel at sentencing. (Doc. 178). On April 2, 2015, United States Magistrate Judge Bert Milling, Jr. entered a Report and Recommendation recommending that Abston's petition be dismissed as all of his claims lacked merit. (Doc. 195). Abston filed an Objection to the Report and Recommendation (Doc. 198), but on June 8, 2015, the Report and Recommendation was adopted as the opinion of this Court (Doc. 204). The Order additionally denied Abston a certificate of appealability, as he was not entitled to appeal *in forma pauperis*. (*Id.*)

On February 9, 2018, Abston filed the instant Motion to Re-open his § 2255 proceedings pursuant to Fed. R. Civ. Pro. 60(b)(2) and (4). (Doc. 220).

**DISCUSSION**

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. Rule 60(b). However, there are limitations on habeas petitioners' ability to rely on Rule 60(b) motions to circumvent statutory restrictions on second or successive § 2254 or § 2255 petitions. The Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

As a result, before considering the merits of Abston's motion, this Court must determine whether it has jurisdiction, i.e., whether Abston's Rule 60(b) motion is truly a second or successive § 2255 petition. "If Petitioner's 60(b) motion is not

2

really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams*, 510 F.3d at 1293–94 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). By contrast, the Rule 60(b) motion is not to be regarded as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 532).

In his motion before this Court, Abston states he seeks relief because "the integrity of the previous habeas corpus proceedings under 28 U.S.C. § 2255 were defective when the Court failed to properly consider movant's right to an effective remedy under § 2255 based on the substantial out of record evidence presented therein." (Doc. 220 at 5). Abston essentially argues that this Court failed to consider the evidence he submitted with his initial § 2255 motion, a statement by his previous counsel that he did not remember receiving an § 851 enhancement filing, and instead improperly relied on the case docket sheet showing that the Government electronically filed the § 851 enhancement on the morning of Abston's guilty plea. He now submits a second email supporting his position. Despite the fact that Abston classifies his motion as attacking the integrity of the previous habeas proceedings, Abston is truly attacking the court's previous resolution of the

claim on the merits. As such, Abston's motion is, in actuality, a second or successive habeas petition and this Court does not have jurisdiction to consider it.[1]

Nevertheless, even if this Court were to construe Abston's motion for relief from final judgment as not presenting a successive habeas claim, Abston is still not entitled to relief under Rule 60(b)(2) because the motion is time-barred. "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Abston's motion pursuant to Rule 60(b)(2) was filed on February 9, 2018, more than two years after this Court's June 8, 2015 entry of judgment denying his § 2255 motion.[2] Therefore, Abston is precluded from seeking relief under Rule 60(b)(2), because his motion is untimely.[3]

---

[1] When a motion qualifies as a second or successive habeas petition, it must comply with the requirements for such petitions under the AEDPA. *Williams*, 510 F.3d at 1294. "The AEDPA provides that, to file a second or successive § 2255 motion, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

[2] Abston's motion indicates that following this Court's denial of his § 2255 motion, he sought a certificate of appealability which was denied and a motion for reconsideration and motion for clarity, both of which were also denied by April 27, 2016. (Doc. 220 at 4). He also states that he filed a motion with the appellate court to recall its mandate that was denied on February 24, 2017, and a petition for writ of certiorari that was denied on October 2, 2017. (*Id*. at 4-5). These filings are not noted on this Court's docket, but even if they were filed, they would not bring the current motion within the necessary time limitations as the appropriate date to be considered is the date of entry of judgment or order or the date of the proceeding. *See* Fed.R.Civ.P. 60(c)(1).

[3] The same limitations period does not apply to Rule 60(b)(4) motions. Rather, virtually any time period is a "reasonable" one with respect to Rule 60(b)(4) challenges to void judgments. *See Turner v. Howerton*, 196 Fed. Appx. 848 (11th Cir. 2006).

Lastly, assuming Abston's motion pursuant to Rule 60(b)(2) was not time barred and also assuming that Abston's assertions pursuant to Rule 60(b)(2) and (4), were a true attack on the integrity of the previous habeas proceeding rendering this Court with jurisdiction, denial of Abston's motion would still be warranted. Reconsideration under Federal Rule of Civil Procedure 60(b) is permitted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> 
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> 
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
> 
> (4) the judgment is void;
> 
> (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Abston asserts that his § 2255 should be reopened based on newly discovered evidence and because the previous judgment is void.

The newly discovered evidence referred to by Abston is an email dated August 22, 2016, from his previous counsel stating that the "The AUSAs office did not send me an 851 filing/notice prior to your plea hearing." (Doc. 220 at 9; Doc. 221). This email does not provide new evidence. Instead, it simply reiterates and/or elaborates on the email that Abston submitted with his previous § 2255 motion wherein his attorney stated that he did not "remember" receiving the 851 filing prior to Abston's guilty plea. This Court previously considered this information along with the evidence of the record, i.e. that the court's docket showed that the

5

Government electronically filed the § 851 enhancement on the morning of Abston's guilty plea, and denied Abston's § 2255 on the merits. Moreover, the Court's judgment specifically stated that Abston "focuses on his insistence that the Magistrate Judge failed to address his argument that his counsel was ineffective for not informing him of the filing of the § 851 enhancement prior to his entry of his guilty plea. However, even if that is true, the record in this case establishes that petitioner was not prejudiced by any such alleged failure because the Court clearly informed him during the plea colloquy that the sentence he faced was a mandatory life sentence." (Doc. 204 at 1). Thus, even if the email on which Abston bases his current motion were "new" evidence - which it is not- it would still fail to establish that reopening his § 2255 proceeding would be warranted.

Finally, Abston's assertion that he is entitled to relief pursuant to Rule 60(b)(4) because the previous judgment is void is without merit. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). A judgment is not void "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271. Abston's position that his previous judgment is void is based solely on the fact that

6

he has now presented new evidence. (Doc. 220 at 14). More specifically, Abston argues that his "new evidence" confirms the allegations in his previous § 2255 - that the Court failed to consider the evidence he submitted which showed that Abston or his attorney failed to receive the § 851 filing prior to his sentencing - and that because the Court failed to consider his previously submitted evidence, it violated his due process rights. In reality, Abston is asserting only that the previous judgment was erroneous. As such, he has not met his burden of establishing a violation of due process rendering the previous judgment void. Further, the record reflects that this Court did, in fact, consider the evidence presented by Abston in his § 2255 motion, denied the claim on the merits, and even concluded that considering Abston's assertion as true, there would be no prejudice because he was clearly informed by the Court during the plea colloquy that the sentence he faced was a mandatory life sentence. As a result, Abston is not entitled to the reopening of his case.

## CONCLUSION

For the reasons set forth herein above, Abston's Motion (Doc. 220) is **DENIED**.

**DONE and ORDERED** this 22nd day of February, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE