# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>FRANK JAMES ABSTON, )<br>)<br>Defendant. ) | CRIMINAL NO. 11-00238-001-CG |

## ORDER

This matter is before the Court following the Eleventh Circuit Court of Appeals' Order Remanding this action for the limited purpose of determining whether a certificate of appealability ("COA") should issue. (Doc. 233). For the reasons set forth herein below, Abston is DENIED a certificate of appealability.

## BACKGROUND

On November 21, 2011, Petitioner pled guilty to—and was found guilty of—conspiracy to possess, with the intent to distribute, cocaine in violation of 21 U.S.C. § 846. (Doc. 153). On July 11, 2012, Abston was sentenced to life imprisonment on the conviction as well as ten years of supervised release following his release from prison, and an assessment of one hundred dollars. (*Id*). On September 16, 2013, the Eleventh Circuit Court of Appeals affirmed Abston's conviction. (Doc. 176).

On October 30, 2014, Abston filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting that (1) his plea was not entered knowingly and voluntarily due to ineffective assistance of counsel, (2) his 5th and

6th Amendment Rights were violated by the court's enhancement of his sentence based on his prior conviction, (3) his sentence was unconstitutional, and (4) he had ineffective assistance of counsel at sentencing. (Doc. 178). On April 2, 2015, United States Magistrate Judge Bert Milling, Jr. entered a Report and Recommendation recommending that Abston's petition be dismissed as all of his claims lacked merit. (Doc. 195). Abston filed an Objection to the Report and Recommendation (Doc. 198), but on June 8, 2015, the Report and Recommendation was adopted as the opinion of this Court (Doc. 204). The Order additionally denied Abston a certificate of appealability, as he was not entitled to appeal *in forma pauperis*. (*Id.*)

On February 9, 2018, Abston filed a Motion to Re-open his § 2255 proceedings pursuant to Fed. R. Civ. Pro. 60(b)(2) and (4). (Doc. 220). On February 21, 2018, this Court denied Abston's motion to reopen. (Doc. 222). On March 23, 2018, Abston filed a Motion to Amend, seeking a reconsideration of this Court's Order denying his Rule 60(b) Motion (Doc. 223) which was endorsed denied on August 6, 2018 (Docket entry dated 08/06/2018). Abston filed a notice of appeal on October 15, 2018 (Doc. 226) and a motion to proceed *in forma pauper*is on November 21, 2018 (Doc. 231) which was denied (Doc. 232). Thereafter, the Appeals Court remanded this action for the limited purposes of determining whether a certificate of appealability should issue from this Court. (Doc. 233).

**ANALYSIS**

As an initial matter, Abston's Motion to Reopen was denied as a second or successive petition over which this Court lacked jurisdiction because Abston failed

2

to file and obtain permission from the appropriate appeals court in order for this Court to consider it.  (Doc. 222 at 4-5)(" Despite the fact that Abston classifies his motion as attacking the integrity of the previous habeas proceedings, Abston is truly attacking the court's previous resolution of the claim on the merits. As such, Abston's motion is, in actuality, a second or successive habeas petition and this Court does not have jurisdiction to consider it."); *See also* Doc. 222 at FN 1. Accordingly, this Court need not rule on a COA.  *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  As to the other stated grounds for denial of Abston's Rule 60(b) motion, this Court finds that a COA should not issue.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (*Id*.) (numerals and emphasis added). Therefore, determining "whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying

3

constitutional claims and one directed at the district court's procedural holding." *Id*. at 484-85.

To make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), Abston must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and quotations omitted). Although Abston need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id*. at 338.

A review of Abston's original § 2255 Motion to Vacate (Doc. 178) along with all pleadings filed thereafter do not support the issuance of a COA in this instance. Rather, the record reflects that Abston has repeatedly asserted the same claims based on the same facts that this Court has repeatedly found to be without merit. Specifically, Abston has continuously alleged that this Court failed to consider the evidence presented by Abston in support of his § 2255 petition and Rule 60(b) motion, despite this Court's Orders that specifically address the evidence presented by Abston and conclude his claims fail. (Docs. 195, 222). Moreover, this Court's denial of Abston's Rule 60(b) motion was threefold: (1) because it was a second or successive petition over which this Court did not have jurisdiction, (2) because it was untimely pursuant to Rule 60(b)(2), and (3) because notwithstanding the lack of jurisdiction and the expiration of time, the claims failed on the merits pursuant to

4

both Rule 60(b)(2) and (b)(4). (Doc. 222). Abston has failed to establish that this Court's rulings should have been decided in a different manner. Rather, as this Court indicated in its denial of Abston's motion to proceed *in forma pauperis*, Abston's Notice of Appeal presents no new arguments which would give merit to his appeal or suggest that the appeal was taken in good faith. (Doc. 232). Instead, Abston's Notice of Appeal again asserts that his initial § 2255 and each decision thereafter, has been erroneous for the same reasons that have already been determined insufficient. As such, Abston has failed to assert sufficient facts to support that this Court's findings were wrong or that it is debatable that he suffered a denial of constitutional right or that his claims should have been resolved in a different manner. Accordingly, a COA should not issue.

## CONCLUSION

For the reasons set forth herein above, Abston is DENIED a certificate of appealability.

**DONE and ORDERED** this 2nd day of May, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE