IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | CRIMINAL NO. 11-00238-001-CG-M |
| ) | |
| FRANK JAMES ABSTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant, Frank James Abston's ("Abston") motion for a reduction of sentence pursuant to the First Step Act ("FSA") and 18 U.S.C. 3582 (Doc. 236), motion for compassionate release (Doc. 243) and addendum relating thereto (Doc. 251), and renewed motion for appointment of counsel (Doc. 249). For the reasons set forth herein below, Abston's Motions (Docs. 236, 243, and 249) are DENIED.

## BACKGROUND

On November 21, 2011, Petitioner pled guilty to—and was found guilty of— conspiracy to possess, with the intent to distribute, cocaine in violation of 21 U.S.C. § 846. (Doc. 153). As part of his plea agreement, Abston admitted to the underlying facts of his offense. (Doc. 61). Namely, Abston admitted police officers discovered half a kilogram of cocaine after a search consented to by Abston. (*Id*.) Other witnesses additionally described Abston's drug trafficking as sourcing kilograms of cocaine from Houston to Mobile. (*Id*.) Abston additionally agreed that the government could prove beyond reasonable doubt that this conduct involved about

127 kilograms of cocaine. (*Id.*) On November 21, 2011, the Government filed notice of intent to seek an enhanced of penalty pursuant to 18 U.S.C. § 851. (Doc 67). On July 11, 2012, Abston was sentenced to mandatory life imprisonment on the conviction as well as ten years of supervised release following his release from prison, and an assessment of one hundred dollars. (*Id.*) On September 16, 2013, the Eleventh Circuit Court of Appeals affirmed Abston's conviction. (Doc. 176).

On August 31, 2020, Abston filed a motion for a reduction of sentence pursuant to the First Step Act and 18 U.S.C. 3582 (Doc. 236). On October 5, 2020, Abston filed a motion for compassionate release (Doc. 243) followed by an addendum relating thereto on February 8, 2021 (Doc. 251). Abston additionally filed a renewed motion for appointment of counsel on November 23, 2020. (Doc. 249). The Government has responded (Docs. 241 and 248) and Abston has replied (Docs. 244, 250, and 251). The motions are ripe for adjudication.

## DISCUSSION

There are currently three motions before this Court: 1) a motion to reduce Abston's sentence based on a retroactive application of the sentencing guidelines for crack cocaine offense (Doc 236), 2) a motion for compassionate release (Doc. 243), and 3) a motion for appointment of counsel (Doc. 249). The Court will first address the motion for counsel, then address the remaining two motions in turn.

### A. Motion for Counsel

On September 3, 2020, following his filing a motion to reduce his sentence (Doc. 236), Abston filed a motion to appoint counsel. This Court denied his request

by text order only on November 5, 2020. (Doc. 246). On November 23, 2020, Abston filed a renewed motion for appointment of counsel. (Doc 249). Abston's handwritten letter references his desire to reply to the Government's response to his motion for compassionate release and indicates that due to the Covid-19 lockdown, it is "impossible for petitioner to properly help-himself and properly respond". (Doc. 249 at 2; PageID.1292). As such, Abston again requested this Court appoint him counsel "to assist with the legal situation with the full knowledge that petitioner is in no way knowledgeable of the law." (*Id*. at 1-2; PageID.192-93).

As analyzed below, Abston seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA. However, there is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, the Eleventh Circuit has made clear that a defendant is not entitled to the appointment of counsel to file a motion to reduce sentence under 18 U.S.C. § 3582. *See United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009). As such, Abston is not entitled to counsel. This Court is additionally not inclined to exercise its discretionary authority to appoint counsel in this instance as Abston has shown that he is capable of proceeding *pro se* and clearly stating his issues before the Court, none of which are rare, complex, novel, or otherwise extraordinary, such that appointment of counsel is warranted. As a result, Abston's motion for counsel is denied.

### B. Motion pursuant to the First Step Act

Abston seeks a reduction of his sentence based on the 18 U.S.C § 3582 and section 401 of the FSA. (Doc. 236). According to Abston, the FSA lowered the sentences imposed for crack cocaine offenses and permits the Court to reduce a Defendant's sentence under the new more lenient sentencing scheme. (*Id.*) As such, Abston contends that if he were sentenced today, he would no longer be subject to a mandatory life sentence based on the § 851 enhancement for his prior felony convictions and he could instead be sentenced to 25 years to life or less. (*Id.* at 2). Abston also argues that the FSA limits those convictions on which an § 851 enhancement can be based to convictions that occurred in the 15 years prior to the instant offense. (*Id.*) Because the FSA no longer requires a mandatory life sentence and because the convictions on which Abston's sentence was enhanced were more than 15 years prior to his date of offense, Abston requests this Court reduce his sentence to one similar to that which would be imposed today under the FSA. (*Id.*)

For support, Abston has provided the Court with a letter from the counselor of his penitentiary in Beaumont, Texas, who states that Abston has a clean disciplinary record, has paid his court ordered assessment in full, has taken numerous education course and earned his GED, and has been assigned several work assignments and received the highest grade that can be received while employed. (Doc. 236-1 at 1; PageID.1221). Abston has additionally provided a character reference letter, a letter relating to the CHALLENGE program, a Psychology Services Group Participation report, a memo for the Attorney General

4

regarding *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and a transcript of record of Abston's underlying prior convictions. (Doc. 236-1 at 2-17; PageID.1222-37).

In response, the Government argues that Abston's motion should be denied because § 401 of the FSA was not made retroactively applicable and, therefore, provides no eligibility to Abston for a reduction in sentence. (Doc. 241 at 3-5; PageID.1243-46).

Section 401 of the First Step Act modified the requirements for sentence enhancements under 18 U.S.C. § 851. Namely, Section 401(a) provided definitions for "serious drug felony" and "serious violent felony" which narrowed the class of convictions that could constitute proper predicates for an § 851 enhancement. First Step Act of 2018, § 401(a). Congress provided that those changes would apply to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such a date of enactment." First Step Act of 2018, § 401(c). Because Abston was sentenced in 2012 and the FSA was enacted December 21, 2018, section 404 provides no relief for Abston. Indeed, Abston even acknowledges this result and agrees that § 401 is not retroactively applicable. (Doc. 244 at 2; PageID.1255) ("Defendant acknowledges, he is not eligible for relief under section 401 …").

However, Abston argues that his sentence should still be reduced under 3582(D) the "catch-all provision" because his sentence is significantly disproportionate with today's sentencing standards. (*Id.* at 2-4; PageID.1255-57). As such, Abston contends that "serving a life term for a crime that Congress now

5

deems to merit a much lesser range of sentencing constitutes an extraordinary and compelling reason to warrant a sentence reduction." (*Id*. at 4; PageID.1257).  The Government's response to Abston's alternative argument is found in its response to Abston's motion for compassionate release.  (Doc. 248 at 15-16; PageID.1276-77).  Specifically, the Government asserts that assuming Abston's motion for a reduction is based on the "Other Reasons" provision of U.S.S.G. §1B1.13 app. note 1(D), then his motion should be denied because that provision empowers the Director of the BOP to determine whether an extraordinary and compelling reason exists to warrant release, and in this instance "the Director of the BOP has not made such a determination."  (*Id*. at 15; PageID.1276).

> Under 18 U.S.C. § 3582(c)(1)(A),
>
> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1).  Congress elsewhere required the Commission to issue a policy statement "regarding ... the appropriate use" of Section 3582(c), to include "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied." 28 U.S.C. § 994(a)(2)(C), (t). "[B]y virtue of these provisions, '[t]he Commission's policy statement thus establishes the boundaries of what may and may not be judicially determined to be extraordinary and compelling reasons for a sentence reduction.'" *See United States v. Lynn*, 2019 WL 3805349, *1 (S.D. Ala. August 13, 2019). The Commission's policy statement limits the universe of extraordinary and compelling reasons to a small number of categories. U.S.S.G. 1B1.13 application note 1.  The final category ("Other Reasons") applies when, "[a]s determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the four previous categories. *Id*. note 1(D).  While Abston asserts that this "catch-all" provision gives the Court authority to reduce his sentence, it does not.  Rather, it squarely grants the Director of the BOP the authority to make such a determination which has not been done in Abston's case.  As a result, Abston's motion must be denied.

    The Court notes that Abston makes two additional arguments relating to request for a reduction in sentence.  First, he states that: "The purpose of the FSA is to increase the use of the compassionate release and it would run contrary to that purpose to limit courts only to those criteria set out by the sentencing Commission- especially given that those criteria have not been revisited in light of the First Step

7

Act." (Doc. 244 at 5; PageID.1258). Second, throughout the pleadings filed by Abston, he on several occasions, refers to the Supreme Court decision in *Alleyne, supra* as supporting a reduction of his sentence. To the extent that Abston seeks a reduction on the grounds that this Court should not follow the current policy statement, the Court is not compelled by Abston's argument. 18 U.S.C. § 3582(c)(1) specifically permits the court to reduce a sentence if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The fact that the policy statements have not been updated since the FSA was enacted, does not provide an alternative avenue to reduce a sentence that does not comply with the policy statement in place. Finally, any argument based on *Alleyne* does not provide a basis for § 3582(c)(2) relief because a district court may not consider extraneous constitutional challenges to a sentence during a § 3582(c)(2) proceeding. *U.S. v. Prevo*, 558 Fed.Appx. 891, 893 (11th Cir. 2014) citing to *Dillon v. United States*, 560 U.S. 817, 825–29, 130 S.Ct. 2683, 2691–92, 177 L.Ed.2d 271 (2010); *United States v. Bravo*, 203 F.3d 778, 781–82 (11th Cir. 2000).

### C. Motion for Compassionate Release

On October 5, 2020, Abston filed a handwritten letter entitled "3582 Motion, Motion to Clarify Susponte". (Doc. 243). Therein, Abston indicated that he never meant his first filed motion (Doc. 236) to be construed as seeking relief under § 401 of the FSA. Instead, Abston asserted that his initial motion he listed reasons for compassionate release including "Petitioner's age, health reasons high blood pressure, Covid-19, caregiver of my mother, passing of my father and the impact on

family, 851 enhancement." (*Id*. at 2; PageID.1249). Abston's motion was construed as a motion for compassionate release. The Government has responded and argued that Abston is not entitled to compassionate release, but even if he were, the Court should deny his motion. (Doc. 248, generally). Abston has additionally filed a reply again pleading for compassion given what he would have been sentenced to if he were found guilty today and based on his post-incarceration efforts and low risk of recidivism, his nine years of imprisonment, his family situation, and Covid-19. (Doc. 250, generally).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that if there are "extraordinary and compelling" reasons, a defendant may obtain a reduced sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a), and if the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As discussed herein above, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under §

9

3582(c)(1)(A). The defendant's medical condition may qualify if certain criteria are met. U.S.S.G. § 1B1.13 cmt. n. 1(A). Specifically, if the

> i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A). The only medical condition Abston claims to suffer from is high blood pressure. His alleged condition does not singularly qualify him for a reduction in sentence. Moreover, while some medical conditions when considered along with the Covid-19 pandemic may qualify for compassionate release, high blood pressure is not one of those conditions.

Abston additionally seeks release based on his needing to care for his mother. U.S.S.G. § 1B1.13 cmt. n. 1(C) permits a reduction based on family circumstances due to the death or incapacitation of the defendant's minor child or registered partner when the defendant would be the only caregiver available for that person. Again, Abston's circumstances do not make him eligible for a reduction.

Finally, Abston's reply, like his initial motion, sets forth a plethora of reasons on which he believes a reduction in sentence is warranted. Namely, his post-

incarceration behavior, low recidivism rate, change in attitude and growth as a human being, etc.  Unfortunately, none of these reasons constitute grounds on which this Court may reduce Abston's sentence.  Accordingly, Abston's motion is due to be denied.

## CONCLUSION

For the reasons set forth herein below, Abston's Motions (Docs. 236, 243, and 249) are DENIED.

**DONE and ORDERED** this 16th day of March, 2021.

                                        /s/  Callie V. S. Granade
                                       SENIOR UNITED STATES DISTRICT JUDGE